1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   JACQUELINE M. JAUREGUI  (SBN 095289)
2  jacqueline.jauregui@sdma.com
   MARINA L. WHELAN  (SBN 251087)
3  marina.whelan@sdma.com
   801 South Figueroa Street, 18th Floor
4  Los Angeles, California  90017-5556
   Telephone: (213) 426-6900
5  Facsimile: (213) 426-6921

6  Attorneys for Defendant
   PRICELINE.COM
7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT – SANTA ANA

10

11 | KEVIN MODA aka HOUMAN          | CASE NO.SA CV 06-0474 DOC (RNBx)
   | MOGHADDAM, an individual;
12 | MAHMOUD DAVARI, on behalf of   | The Honorable David O. Carter
   | himself and others similarly situated
13 | class members.

14                                    **PROTECTIVE ORDER
                                       PURSUANT TO F.R.C.P.
15                    Plaintiff,       RULE 26(C)**

16      v.

17 PRICELINE.COM INCORPORATED,
   a Delaware domestic corporation, and
18 DOES 1 through 10, inclusive,       Action Filed:  5/12/06
                                       Second Am.   Complaint Filed: 11/16/07
19                   Defendants.       Trial Date:      11/3/08

20      The following protective order is to be entered in this matter, pursuant to the

21 provisions of *Federal Rules of Civil Procedure* Rule 26(c)[1]:

22 1.     The procedures outlined in this Protective Order shall apply to all documents,

23 things and information subject to discovery or disclosed pursuant to the *Federal*

24 *Rules of Civil Procedure* or offered in any court filings or at court hearings or trial,

25 including without limitation, written discovery responses, documents and tangible

26

27 ――――――――――――
   [1]    All references to "Rules" are to the *Federal Rules of Civil Procedure*, except
28        where context indicates otherwise.

things produced, expert reports, or transcripts of any testimony adduced at deposition upon oral examination or at court hearings (including any trials).

2.      For purposes of this Order, the following definitions shall apply:

(a)      As used herein "**DOCUMENT**" shall mean any "writing" as defined in Rule 1001 of the *Federal Rules of Evidence*, including without limitation any records, exhibits, reports, samples, transcripts, video or audio recordings, affidavits or declarations, briefs and motion papers, summaries, notes, abstracts, drawings, company records and reports, written discovery responses, or databases, whether tangible or stored as computer records;

(b)      As used herein, "**DESIGNATING PARTY**" shall mean a party that seeks to designate a particular **DOCUMENT** in accordance with  the designation set forth in Section 3.

(c)      As used herein, "**REQUESTING PARTY**" shall mean a party that seeks production of a particular **DOCUMENT**.

(d)      The phrase "**DESIGNATED MATERIAL**" shall mean any Discovery Material designated by the Producing Party as "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL," and a party shall make such a designation only for Discovery Material which that party in good faith believes contains trade secret or other confidential, competitive or proprietary business information used by it in, or pertaining to, its business which the party takes appropriate efforts to keep confidential or which the party is otherwise required to keep confidential by agreement or law.

3.      ACCESS TO DESIGNATED MATERIAL

3.1      MATERIALS DESIGNATED "CONFIDENTIAL"

Subject to the limitations set forth in this Protective Order, Designated Material may be marked "CONFIDENTIAL" for the purposes of avoiding invasions of individual privacy or of protecting proprietary information, and confidential

business and/or non-public financial information relating to the Designating Party's business, personal, or financial affairs. Materials designated "CONFIDENTIAL" may be disclosed to:

(a)     Persons who appear on the face of Designated Materials marked "CONFIDENTIAL" as an author, addressee or recipient thereof;

(b)     Counsel of record for the parties to this action, as well as the partners, associates, agents and employees of such counsel to the extent reasonably necessary to render professional services in this action;

(c)     The parties to this action;

(d)     Subject to Section 4 below, Designated Material marked "CONFIDENTIAL" may also be disclosed to non-party consultants retained by outside counsel of record and to retained experts (collectively, "Consultants"); and

(e)     Subject to Section 7.3 below, Designated Material marked "CONFIDENTIAL" may be shown to witnesses at deposition and/or at trial.

3.2     <u>MATERIALS DESIGNATED "HIGHLY CONFIDENTIAL"</u>

Subject to the limitations set forth in this Protective Order, Designated Material may be marked "HIGHLY CONFIDENTIAL" for the purposes of (i) avoiding invasions of individual privacy or (ii) protecting non-public information relating to the Designating Party's business, personal, or financial affairs that derives actual or potential independent value from not being generally known to the public or to persons who can obtain value from its disclosure. Materials designated "HIGHLY CONFIDENTIAL" may be disclosed to:

(a)     Persons who appear on the face of the Designated Material marked HIGHLY CONFIDENTIAL as an author, addressee or recipient thereof;

(b)     Outside counsel of record for the parties to this action, as well as the partners, associates, agents and employees of such counsel to the extent reasonably necessary to render professional services in this action;

(c)     Subject to Section 4 below, Designated Material marked "HIGHLY CONFIDENTIAL" may also be disclosed to Consultants; and

(d)     Subject to Section 7.3 below, Designated Material marked "HIGHLY CONFIDENTIAL" may be shown to witnesses at deposition and/or at trial.

3.3.    Upon the termination of this action, all recipients of Designated Material pursuant to Section 3 shall return all Designated Material (and all copies thereof) to outside counsel of record for disposal by outside counsel in the manner described in Section 13.2 of this Protective Order.

4.    CERTIFICATES CONCERNING DESIGNATED MATERIALS

4.1     Each person to whom any Designated Material may be disclosed pursuant to the provisions of Sections 3.1(c) and (d) and 3.2(c), above, shall, prior to the time such Designated Material is disclosed to him or her, be provided with a copy of this Protective Order and shall certify under penalty of perjury that he or she has carefully read the Protective Order and fully understands its terms. This certificate shall be in the form attached as Exhibit A.  Counsel who makes any disclosure of Designated Materials pursuant to Sections 3.1(c) and (d) and 3.2(c), above, shall retain each original executed certificate and, upon written request, shall circulate copies to all counsel of record at the termination of this action.

4.2     A Designating Party, at its option, may provide access to its CONFIDENTIAL and HIGHLY CONFIDENTIAL material to a Consultant without obtaining a Certification of Consultant.  However, before a Non-Designating Party who has received material that is designated as HIGHLY CONFIDENTIAL may provide access to such material to its Consultant under Section 3.2(c), the Non-Designating Party desiring to provide the material produced by a Designating Party must obtain from the Consultant an executed Consultant Certification in the form attached hereto as Exhibit B.  The party seeking to disclose such information from a Designating Party shall maintain the original signed Certification of Consultant as

provided in Section 4.1 and serve a copy of the Certification of Consultant, which may or may not include the identity of the Consultant, but will always include the identity of the company or firm that employs the Consultant, on counsel for the Designating Party.  Upon the Designating Party's counsel's receipt of the copy of the Certification of Consultant from the non-Designating Party's counsel, the Designating Party's counsel shall notify the party seeking to make disclosure of such material of any objection to such Consultant within ten calendar days after its submission of the copy of Certification.  The party seeking to disclose HIGHLY CONFIDENTIAL material provided by the Designating Party shall delay conveyance to its Consultant for this ten calendar day period to give the counsel for the Designating Party an opportunity to object.  In the absence of receiving such an objection, such Consultant shall thereafter be deemed qualified to receive the Designating Party's material.  The Non-Designating Party shall have the right to challenge the Designating Party's objection, and to have such objection overturned by filing a suitable motion with the court.  No party shall use its right to object to a proposed independent Consultant in order to interfere with the ability of any party to reasonably prepare for trial nor to obtain the identity of any proposed independent Consultant.

5.    UNDERLINE_USE OF DESIGNATED MATERIALS BY DESIGNATING PARTY

Nothing in this Protective Order shall limit any Designating Party's use of its own documents and information, nor shall it prevent the Designating Party from disclosing its own confidential information or documents to any person.  Such disclosure shall not affect any designations made pursuant to the terms of this Protective Order, so long as the

disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

6.    DESIGNATING MATERIALS

6.1     Documents, materials and discovery responses, in whole or in part, may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as follows:

6.2     The producing or responding party shall designate materials by placing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page of the materials prior to production.

6.3     When a party wishes to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" materials produced by someone other than the Designating Party, such designation shall be made:

(a)     Within twenty-five days (25) from the date that the Designating Party receives copies of the materials from the producing or disclosing entity; and

(b)     By notice to all parties to this action and to the Producing Party, if such party is not a party to this action, identifying the materials to be designated with particularity (either by production numbers or by providing other adequate identification of the specific material). Such notice shall be sent by facsimile or electronic mail and by regular mail.

6.4     Upon notice of designation pursuant to Section 6.2 above, all persons receiving notice of the requested designation of materials shall:

(a)     Make no further disclosure of such Designated Material or contained therein, except as allowed in this Protective Order;

(b)     Take reasonable steps to notify any persons known to have of or access to such Designated Materials of the effect of such under this Protective Order; and

(c)     Take reasonable steps to reclaim or prevent access to such Material or information in the possession or control of any person not Designated information possession designation permitted to have access under the terms of this Protective Order.

6.5     All materials designated as "HIGHLY CONFIDENTIAL" shall be produced on non-reproducible paper, to be paid for by the non-designating party.

7.     <u>DESIGNATING DEPOSITIONS</u>

7.1     Deposition transcripts or portions thereof may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by a party during deposition testimony taken in this action, in which case the portion of the transcript containing Designated Material shall be identified in the transcript by the Court Reporter as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The designated testimony shall be bound in a separate volume and marked by the reporter accordingly.

7.2     Where testimony is designated at a deposition, the Designating Party shall have the right to exclude at those portions of the deposition all persons not authorized by the terms of this Protective Order to receive such Designated Material.

7.3     Notwithstanding the provisions set forth in Sections 3.1, 3.2 and 4, above, any party may mark Designated Material marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as a deposition exhibit and examine any witness thereon, provided that the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material. Any person who is shown a deposition exhibit comprised of Designated Material marked "HIGHLY CONFIDENTIAL" under this section, but who is not otherwise entitled to access to such material under Section 3.2 and/or Section 4, above, shall not be allowed (except by express permission of the Designating Party) to keep a copy of the deposition exhibit, and shall not be furnished a copy of such deposition exhibit when given the opportunity to review the deposition transcript for accuracy following the deposition.

7.4     Any party may, within twenty (20) days after receiving a deposition transcript, designate pages of the transcript and/or its exhibits as Designated Material. If any party so designates such material, the parties or deponents shall provide written notice of such designation to all parties within the twenty-day (20) period. Designated Material within the deposition transcript or the exhibits thereto may be identified in writing or by marking the identified portions as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Until the expiration of the twenty day (20) period, any portion of the deposition not previously designated shall be treated as "HIGHLY

CONFIDENTIAL" and subject to protection as provided by this Protective Order. After the expiration of the twenty (20) day period, if no party or deponent has timely designated any additional material, then such undesignated transcript and/or exhibits may be disclosed without restriction.

8.    COPIES

All complete or partial copies of Designated Materials shall also be deemed subject to the terms of this Protective Order.

9.    COURT PROCEDURES

9.1    Disclosure of Designated Material to Court Officials. Subject to the provisions of this Section 9, Designated Material may be disclosed to the Court, Court officials or employees involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master or referee appointed by the Court) and the jury in this action, and any interpreters interpreting on behalf of any party or deponent.

9.2    OBLIGATIONS OF THE COURT

The parties agree that the employees of the Court or the Clerk's office have no duty to the parties to maintain the confidentiality of any information in any papers filed with the Court.

9.3    If a party files Designated Material, it shall be filed under seal in compliance with the procedures set forth in Local Rule 79-5 and shall bear an appropriate legend stating that the information is subject to Protective Order and shall not be opened except as directed by the Court.

9.4    RETRIEVAL OF DESIGNATED MATERIALS

The party responsible for lodging or filing the Designated Materials shall be responsible for retrieving such Designated Materials from the Court following the final termination of the action (including any appeals thereof).

10.    OBJECTIONS

10.1   A party may challenge the propriety of any designation under this Protective Order at any time. A challenge may be made by serving on all other parties a captioned notice of objection, which shall identify with particularity the Designated Materials as to which the designation is challenged and state the basis for each challenge ("Notice of Objection"). Service of a Notice of Objection shall be made by facsimile and by mail.

10.2   In the event that the Designating Party does not change its designation within 15 calendar days of the date of service of a Notice of Objection, the Non-Designating Party may move the Court for a reclassification of the material. In the event of such a motion, the material at issue may be submitted to the Court for in camera inspection. The moving party shall have the burden of establishing that the designation is improper and should be changed.

10.3   The parties shall meet and confer in good faith prior to the filing of any motion under this Section 10.

11.   CLIENT COMMUNICATION

Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of Designated Material. In rendering such advice and otherwise communicating with the client, however, counsel shall not make specific disclosure of any Designated Material, except as permitted by this Protective Order.

12.   NO PREJUDICE

This Protective Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

12.1   Unless all parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose during any proceeding on the merits of this action.

LA/722700v1

-9-

PROTECTIVE ORDER

12.2   If any person required to produce documents inadvertently produces any Designated Material without marking it with the appropriate legend, the producing party may give written notice to the receiving party or parties, including appropriately stamped copies of the Designated Material, that the document, thing, or response is deemed Designated Material and should be treated as such in accordance with the provisions of this Protective Order.

12.3   Neither the provisions of this Protective Order, nor the filing of any material under seal, shall prevent the use in open court, at any hearing, or at trial of this case of any material that is subject to this Protective Order or filed under seal pursuant to its provisions. Prior to trial, the parties shall meet and confer after the pretrial conference concerning appropriate methods for dealing with Designated Material at trial.

13.   MODIFICATION AND SURVIVAL

13.1   MODIFICATION

All parties reserve the right to seek modification of this Protective Order at any time for good cause. The parties agree to meet and confer prior to seeking to modify this protective order for any reason. The restrictions imposed by this Protective Order may only be modified or terminated by written stipulation of all parties and/or by order of this Court.

13.2   SURVIVAL AND RETURN OF DESIGNATED MATERIAL

This Protective Order shall survive termination of this action. Upon final termination of the action, including appeals and retrials, and at the written request of the Designating Party, all Designated Material, including deposition testimony regarding designated exhibits and all copies thereof, shall be returned to counsel for the Designating Party or, if such party is not represented by counsel, directly to the Designating Party. Such Designated Materials shall either be returned at the expense of the Designating Party or, at the option and expense of the requesting party, destroyed. Upon request for the return or destruction of Designated Materials,

counsel of record shall certify their compliance with this provision and shall deliver such certification to counsel for the Designating Party not more than 90 days after the written request to return or destroy Designated Materials.

13.3   Notwithstanding the provisions for return or destruction of Designated Material, outside counsel may retain pleadings, attorney and consultant work product, deposition transcripts and exhibits containing Designated Material, as well as one copy of each item of Designated Material for archival purposes.

14.   <u>COURT'S RETENTION OF JURISDICTION</u>

The Court retains jurisdiction to make such amendments, modifications, and additions to this Protective Order as it may from time to time deem appropriate.

**IT IS HEREBY ORDERED.**

The foregoing Order is APPROVED BY THE COURT.

DATED: March 27,  2008                    U.S. DISTRICT COURT JUDGE

By: __*David O. Carter*_____
     The Honorable David O. Carter

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **EXHIBIT A**

### CERTIFICATION CONCERNING MATERIAL
### <u>COVERED BY PROTECTIVE ORDER</u>

I, the undersigned, hereby certify that I have read the attached Protective Order entered in *Kevin Moda aka Houman Moghaddam, an individual; Mahmoud Davari, on behalf of himself and others similarly situated class members v. Priceline.com, Inc*.  I understand the terms of this Protective Order.  I agree to be bound by such terms and to submit to the personal jurisdiction of the United States District Court, Central District, Santa Ana, California with respect to any proceeding related to the enforcement of this Protective Order, including any proceedings related to contempt of Court.  I will not disclose Designated Materials marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to anyone other than persons specially authorized by the Order and agree to return all such material which come into my possession to counsel from whom I received such materials.

I declare under penalty of perjury that the foregoing is true and correct.

_____

Name of Individual:
Company or Firm:
Address:
Telephone Number:
Relationship to this action and its parties:

Date: _____      _____

Signature

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT B**

CONSULTANT CERTIFICATION

I, the undersigned, hereby certify that I have read the attached Protective Order entered in *Kevin Moda aka Houman Moghaddam, an individual; Mahmoud Davari, on behalf of himself and others similarly situated class members v. Priceline.com, Inc*.  I understand the terms of this Protective Order.  I agree to be bound by such terms and to submit to the personal jurisdiction of the United States District Court, Central District, Santa Ana, California, with respect to any proceeding related to the enforcement of this Protective Order, including any proceedings related to contempt of Court.  I will not disclose Designated Materials marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to anyone other than persons specially authorized by the Order and agree to return all such material which come into my possession to counsel from whom I received such materials.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Name of Individual:
Company or Firm:
Address:
Telephone Number:
Relationship to this action and its parties:

Date: _____        _____
Signature