O

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MODA & MAHMOUD DAVARI , <br><br> PLAINTIFF(S), <br><br> V. <br><br> PRICELINE.COM, INC., <br><br> Defendant(s). | CASE NO. SACV 06-0474 DOC (RNBx) <br><br> **O R D E R DENYING PLAINTIFF'S DISCOVERY REQUESTS** |

**MEMORANDUM**

**Factual Background**

Defendant Priceline.com, Inc. ("Priceline") operates an internet travel service that allows consumers to reserve hotel rooms through a bidding process. For each hotel for which Priceline can reserve rooms, Priceline designates a "star level" which is an indicator of the quality and condition of the hotel and the services and amenities the hotel provides ("rating system").

1    Plaintiff Mahmoud Davari ("Davari") and Plaintiff Kevin Moda ("Moda") (collectively
2    "Plaintiffs") each purchased a hotel room at the Marriott Hotel in Irvine, California through
3    Priceline's online bidding process.  Plaintiffs allege that upon checking into the hotel, they found
4    that the hotel was not of the quality represented by Priceline's rating system. Plaintiffs requested
5    a refund from Priceline, but Priceline refused to reimburse them.
6    Plaintiff Davari, on behalf of a putative class of all California residents who were
7    customers of the hotel reservation services provided by Priceline, and Plaintiff Moda,
8    individually, have filed the instant action ("Davari/Moda Action") against Priceline.  (Because the Court
9    found that Moda's "history of fraudulent and deceptive conduct...demonstrates that he is inadequate to
10   serve as a class representative," Moda is suing in his individual capacity alone.)
11   Plaintiffs allege that Priceline's rating system is consistently inaccurate because the "star level"
12   assigned to some hotels is higher than is warranted either by Priceline's methodology or as compared
13   with the travel industry standard. Plaintiffs further allege that Priceline uses this inaccurate and
14   misleading rating system as the foundation for its misleading advertisements that claim Priceline
15   provides up to 50% lower prices than other travel services.
16   Plaintiffs, on behalf of themselves and class members, bring claims under California
17   Business & Professions Code §§ 17200 and 17500 ("UCL") and California Civil Code § 1750
18   ("CLRA"). For each claim, Plaintiffs seek actual damages and an injunction enjoining Priceline
19   from engaging in the alleged unfair practices.
20   This motion to compel discovery is brought by Plaintiff Kevin Moda ("Moda") alone.
21
22   **Procedural Posture**
23   Moda propounded its discovery on February 11, 2008.  Among Plaintiff's discovery requests are
24   requests for documents relating to the case of *Krinsk, et al. v. Priceline.com, et al*. ("*Krinsk*").  *Krinsk*
25   was brought in the Superior Court of the State of California, by the "general public of the State of
26   California," and contained essentially the same charges as the instant case.  Because of the potentially
27   competitively damaging effect of the evidence at issue, Priceline requested that this Court to issue a
28   protective order before it be required to respond to the plaintiff's discovery requests.  This Court entered

1  the requested protective order on March 18, 2008 and, simultaneously, re-set case management.

2  On April 16, 2008 Priceline responded to Plaintiff's discovery requests, objecting to many of them. On April 25, 2008, the parties met to discuss their discovery disputes. At this meeting, Priceline's Counsel, Ms. Whelan, requested that he be given additional time to respond in order to confer with Priceline's lead counsel (Ms. Jauregui). On April 29, Plaintiff wrote to Priceline as a follow-up to their meeting. On May 28, 2008, Priceline responded, producing several emails concerning the hotel where Moda stayed as well as a series of documents pertaining to the star rating system for that hotel. That is, Plaintiff obtained 14 depositions and 3,000 pages relating to the *Krinsk* case, as well as a list of "Bates number" ranges for said documents that correspond to Plaintiff's requests.

On June 24, 2008, Moda contacted Priceline, arguing that Priceline's responses were still deficient. Priceline countered that the requested responses were relevant to class claims, rather than his individual claims. On July 21, 2008, Priceline informed this Court of its discovery grievances and the Court encouraged plaintiff to take the appropriate steps. However, Plaintiff did not forward the joint stipulation presently at issue until August 14, 2008.

Priceline's main objection to Moda's interrogatories and requests is that Moda is not entitled to the information because he is not the class representative.

**Interrogatories and Requests for Production**

<u>A. Interrogatories 1- 14 & Request for Production 3, 8, 11 & 16</u>

Interrogatories 1 through 14, along with Requests for Production 3,8, 11 & 16, request that Priceline: (1) identify each hotel that Priceline categorizes as a 1,2,3,4, and 5 star hotel, (2) identify each hotel whose star rating has changed since Priceline's initial rating of the hotel, (3) identify all documents evidencing criteria used in determining a hotel's star rating (and produce any and all such documents), (4) state each criteria a hotel must meet to be categorized as a 1,2,3,4, and 5 star hotel under Priceline's rating system (and produce any and all documents evidencing the star rating of each and every hotel ever booked through Priceline), (5) identify each person with a California billing address who booked a hotel through Priceline since December 11, 2000 (and provide any and all documents pertaining to such bookings), and (6) identify each person known to Priceline to have complained to Priceline regarding

1  the quality of the hotel that person booked through Priceline (and produce all documents evidencing
2  such complaints).
3      Priceline objects that this information pertains to the class action, rather than Plaintiff's
4  individual claim. Priceline also notes that it has already given Moda all of the discovery that was
5  produced in *Krinsk* – a case regarding the same fundamental issues as the present dispute – despite the
6  fact that Krinsk was a class action. Further, Priceline has already given Moda responsive information
7  regarding the complaint history of the particular hotel at which Moda stayed in 2005.
8      "Parties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's
9  claim or defense...." FED. R. CIV. P. 26(b)(1)(emphasis supplied). As follows, Moda may not obtain
10 information that pertains to the class action at issue. Rather, Moda may only obtain information
11 pertaining to his suit in his individual capacity. Plaintiff's request to produce responses to
12 interrogatories 1-14, and Plaintiff's Requests for Production 3, 8, 11& 16 are DENIED.
13
14     B. Interrogatories 15 & 17
15     The dispute concerning Interrogatories 15 & 17, by stipulation of counsel, has bene taken off
16 calendar.
17
18     C. Interrogatory 16, 22, 23 & 24; Request for Production 2, 4, 5, 9, 10
19     Interrogatory 16 requests that Priceline identify any and all documents evidencing the process by
20 which a hotel is evaluated for purposes of determining its star rating under Priceline's system. Requests
21 for Production 4, 9 & 10 request any and all documents evidencing said process. Interrogatory 22
22 requests that Priceline state how frequently its hotels are evaluated by Priceline for purposes of
23 determining a hotel's star rating. Interrogatory 23 requests that Priceline identify any and all
24 changes/modifications to Priceline's star systems, including the date of change. Request for Production
25 5 asks for any and all documents pertaining to such changes/modifications. Interrogatory 24 requests
26 that Priceline identify any and all documents evidencing any and all changes/modifications to
27 Priceline's star system (and Request for Production 2 requests that Priceline identify any and all
28 documents evidencing changes/modifications to Priceline's star system.)

1    Priceline objects that Interrogatory 16 is overbroad in scope, both as to subject matter and time,
2 and is thus also burdensome and oppressive. Priceline also objects that Interrogatories 16, 23 and 24
3 pertain to the class action suit, rather than Moda's individual suit. As to Interrogatory 22, Priceline
4 notes that it has provided Moda with the following information: "With respect to the Marriott, Priceline
5 conducted an evaluation of the hotel, including an on-site evaluation, during the summer of 2003 before
6 upgrading it from a 3 to 4 star on August 4, 2003."
7    These requests are overbroad, as they pertain to ANY document used in evaluating any hotel in
8 the entire world. Under the Federal Rules of Civil Procedure:
9    On motion or on its own, the court must limit the frequency or extent of discovery otherwise
10    allowed by these rules or by local rule if it determines that: (i) the discovery sought is
11    unreasonably cumulative or duplicative, or can be obtained from some other source that is more
12    convenient, less burdensome, or less expensive; [or] (iii) the burden or expense of the proposed
13    discovery outweighs its likely benefit, considering the needs of the case, the amount in
14    controversy, the parties' resources, the importance of the issues at stake in the action, and the
15    importance of the discovering in resolving the issues." FED. R. CIV. P. 26(b)(2)(C).
16 Because this interrogatory is overbroad, and considering the fact that Moda already has access to a
17 plethora of information pertaining to the *Krinsk* case, this interrogatory is DENIED.
18
19 Request for Production 1, 12, 13 & 15
20    In Request 1, Moda requests that Priceline produce any and all documents identified in response
21 to Plaintiff's Special Interrogatories, Set One. In Request 12, Moda requests that Priceline produce any
22 and all internal memos regarding Priceline's star system. In Request 13, Moda requests that Priceline
23 produce any and all employee manuals that refer to Priceline's star system. In Request 15, Moda asks
24 Priceline to produce any and all documents evidencing Priceline's policies regarding customer
25 complaints.
26    However, Priceline has already provided Moda with "a number of emails concerning the one
27 hotel where Moda stayed at" as well as "a series of documents concerning the star rating of the hotel
28 where Moda stayed." Priceline also provided Moda with Bates numbers indicating the start of

5

1  potentially responsive documents to each of Plaintiff's interrogatory requests. As such, the further
2  information requested by Moda in Requests for Production 1, 12, 13 & 15 appears to be cumulative and
3  irrelevant. It is therefore DENIED. FED. R. CIV. P. 26(b)(1).

5  Request for Production 6
6  In Request for Production 6, Moda requests that Priceline produce any and all advertisements of
7  hotel bookings made through Priceline.com. Priceline objects that, during an in-person conference
8  between the parties, the parties agreed that the phrase "advertisements of hotel bookings" is
9  unintelligible, vague, and ambiguous. Priceline further avers that this request fails to identify how the
10 subject matter of this modified request is relevant to Moda's individual claim or how the time frame
11 chosen is relevant. Under FED. R. CIV. P. 26(b)(1), this matter is indeed irrelevant and is DENIED.

13 Request for Production 7
14 Moda requests that Priceline produce any and all explanations of Priceline's star system that
15 have *ever* been displayed on Priceline's website. Priceline responds to Request 7 by noting that, on May
16 28, 2008, it produced the explanations of its star ratings as they appeared on its website in 2005 – the
17 year of Moda's hotel stay. Explanations beyond the 2005 time period are irrelevant and requests to
18 produce information pertaining to them are therefore DENIED under FED. R. CIV. P. 26(b)(1).

20 Request for Production 14
21 In Request 14, Moda requests that Priceline produce any and all documents evidencing
22 Priceline's policies regarding its rating system. Priceline responds that it has (1) referred Plaintiff to the
23 Krinsk materials, which contain all of Priceline's official positions on the star ratings, and (2) it has
24 provided Moda with the "official" star rating explanations as they appeared on Priceline's website at the
25 time of Moda's stay.

1  Plaintiff's further requests are therefore irrelevant to his suit in his individual capacity. Plaintiff's
2  request is therefore DENIED.

8  IT IS SO ORDERED.
9  DATED: 09/29/2008

                                                 _____
                                                           DAVID O. CARTER
                                                          United States District Judge